```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
GIFTY AFRAM,                        :
                                    :
              Plaintiff,            :
                                    :    20-cv-7637 (JSR)
         -v-                        :
                                    :    MEMORANDUM ORDER
                                    :
EXPERIAN INFORMATION SOLUTIONS,     :
INC.; TRANS UNION LLC; EQUIFAX      :
INFORMATION SERVICES LLC; and FORD  :
MOTOR CREDIT COMPANY LLC,           :
                                    :
                                    :
              Defendants.           :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Now before the Court is the motion of defendant Trans Union LLC ("Trans Union") to stay this action pending resolution of a related state court action. Dkt. No. 35 ("Trans Union Mem."). Plaintiff opposes. Dkt. No. 38 ("Afram Opp."). For the reasons set forth below, the motion is denied.

Plaintiff Gifty Afram alleges that she is the victim of identity fraud. In particular, she alleges that a lease account was opened in her name with defendant Ford Motor Credit Company LLC ("Ford") by someone with access to her personal information and documents, without her knowledge or consent. Plaintiff's First Complaint ("Compl."), Dkt. No. 1, ¶ 29. When the alleged fraudster stopped making payments, Ford sued plaintiff "sometime during 2019" in Albany City Court to recover on the debt. Id. ¶ 25; see also Ford Motor

1

Credit Co., LLC v. Afram, Case No. CV-000679-19/AL (the "State Action"). On February 24, 2020, Ford filed a motion for summary judgment in the State Action based on plaintiff's liability on the account. Plaintiff has not yet opposed that motion. After plaintiff discovered that the credit reporting agency ("CRA") defendants[1] were reporting on her credit that the lease was in default, she disputed the alleged inaccurate reporting to the CRAs. Compl. ¶ 33. On September 15, 2020, the alleged inaccuracies still unresolved, plaintiff sued the CRAs and Ford in this Court, asserting claims under the Fair Credit Reporting Act ("FCRA") and New York State Law. The fact of the underlying State Action was pleaded in the Complaint. See id. ¶ 25.

This Court held an initial pretrial conference on October 23, 2020. During that conference, the Court approved a case management plan setting various discovery deadlines, including the end of all discovery by March 9, 2021. Dkt. No. 24. Most imminently, depositions must be completed by February 28, 2021. Id. Trans Union did not object to the proposed case management plan and did not mention, much less raise an issue regarding, the pending State Action. This case is now well underway: Plaintiff has already served Rule 30(b)(6) notices on all defendants, requested dates for depositions of fact

---

[1] The CRA defendants are Trans Union, Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services LLC ("Equifax").

Case 1:20-cv-07637-JSR   Document 39   Filed 02/12/21   Page 3 of 5

witnesses, and settled with Equifax. Afram Opp. at 17; Dkt. No. 36 (Notice of Settlement). On February 4, 2021, however, Trans Union moved to stay this action pending resolution of what it calls "plaintiff's duplicative state court case." Trans Union Mem. at 1.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "A court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." Id. (alteration and emphasis omitted). The party seeking a stay "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

Trans Union contends that, should Ford prevail on its summary judgment motion in the State Action, plaintiff's federal claims, which are premised on inaccurate reporting, will be foreclosed. Since the State Action was filed before this action, Trans Union asserts that this Court should stay this case and allow the state court to resolve that dispositive issue. Trans Union Mem. at 1-2. Accusing plaintiff of forum shopping, Trans Union suggests that plaintiff is simply seeking to litigate claims in federal court rather than respond to Ford's dispositive motion in the earlier-filed state case. Id. at 5.

In response, plaintiff contends that the stay request is untimely since Trans Union failed to raise the issue during the initial pretrial conference, when the Court largely approved the parties' jointly submitted discovery plan. Afram Opp. 3. She also clarifies that she previously sought and received a 90-day stay of the State Action, and recently applied for an additional 90-day stay, see Dkt. No. 38-1, which, if granted, would pause the State Action until May 9, 2021. Finally, plaintiff represents that the State Action pending in Albany City Court is subject to a $15,000 jurisdictional limit, which effectively precludes her from counterclaiming in that action.[2]

The Court agrees with plaintiff and will not stay the action. Although the Court possesses the power stay the action, Trans Union has provided no justification for failing to raise this issue during the initial pretrial conference, before the parties began the discovery process. While Trans Union might be correct that the pending summary judgment motion in the State Action could resolve many, if not all, of plaintiff's claims here, that motion, although

---

[2] Plaintiff spends most of her brief discussing the Colorado River abstention doctrine, which governs whether a federal court with jurisdiction over a case should step aside in favor of parallel litigation occurring in state court. See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). That doctrine, however, is inapposite. Trans Union is not arguing that this Court lacks subject matter jurisdiction over the dispute; instead, Trans Union's motion is best construed as a request for the Court to exercise its discretionary power by staying, but not dismissing, this action.

filed in February 2020, has shown few signs of progress. And, in light of plaintiff's additional requested stay, it may not be resolved until May 2021. Moreover, although the State Action is obviously related to this action, it is by no means duplicative, since the remaining CRA defendants are not parties to that case. Cf. Universal Gypsum of Georgia, Inc. v. American Cyanamid Co., 390 F. Supp. 824, 826-27 (S.D.N.Y. 1975) ("[T]he district court is possessed of the power to stay its proceedings when there exists a simultaneously pending state court action in which the same dispute is being litigated by the same parties.") (emphasis added). For these reasons, the Court finds that Trans Union has failed to meet its burden of showing that the interests of justice require a stay. Its motion is therefore denied.

The Clerk of the Court is directed to close the entry at docket number 35.

SO ORDERED

Dated:   New York, NY
         February 12, 2021

_____
United States District Judge